Brady, Patrick F., J.
The defendant was convicted of the first-degree murder of José Lane in a trial before me in Februaiy/March 2006. I denied defendant’s motion for new trial on December 6, 2010 and May 3, 2011.
One argument raised by defendant in his motion for new trial was that it was a violation of the eighth amendment to the United States Constitution to sentence the defendant, who was under 18 years of age at the time of the murder, to life without parole. I rejected that argument in my decision of December 6, 2010 on the basis of Commonwealth v. Diatchenko, 387 Mass. 718, 725 (1982).
On June 25, 2012 the United States Supreme Court decided, in MiLler v. Alabama, 132 S.Ct. 2455, that it was unconstitutional under the eighth amendment for states to impose mandatory life without parole sentences for defendants under the age of 18 at the time of the crime without an individualized sentencing hearing taking into account certain factors including the youth of the defendant. Presumably because of the Miller case, the SJC stayed appellate proceedings and remanded the new trial motion to this court for disposition.
I have once more reviewed the Miller decision, counsels’ briefs, and three decisions by Superior Court colleagues dealing with similar post-Miller issues.[1] In my view, consistent with my colleagues’ decisions, this court has no authority under current Massachusetts statutes to conduct an individualized sentencing hearing and sentence the defendant to anything other than life, with parole eligibility at 15 years.
The relevant statutes are as follows. General laws chapter 127, §133A provides that “(e]veiy prisoner who is serving a sentence for life in a correctional institution of the Commonwealth . .. except prisoners serving a life sentence for murder in the first degree, shall be eligible for parole . . . within sixty days before the expiration of fifteen years of such sentence ...” General laws chapter 265, §2 provides that persons convicted of murder in the first and second degree shall be sentenced to life in prison; and that persons serving a life sentence for murder in the first degree shall not be eligible for parole. After Miller, insofar as applied to those under 18 at the time of the crime, the provisions denying parole eligibility are unconstitutional.
Eliminating the provisions denying parole eligibility from the statutes does not mean that young defendants convicted of murder in the first degree cannot be sentenced. The penalty for murder in the Commonwealth is life. The position of the defendant in this case is thus the same as eveiy other prisoner in the Commonwealth doing a life sentence for a non-murder one crime, that is, he is parole eligible at 15 years.
Since there are no other sentencing options available under Massachusetts law, there is no reason for an individualized hearing. Absent a change in the statutes enacted by the legislature, or some further clarification by the Supreme Judicial Court, the defendant will eventually be parole eligible and his hearing shall be conducted pursuant to the provisions of G.L.c. 127, §133A.

Commonwealth v. Bizzarro, Bristol Superior Court no. 10-00325 (decision by Garsh, J., dated August 29, 2012); Commonwealth v. Pierce, Middlesex Superior Court no. 10-01188 (decision by Tuttman, J., dated 2012); and Commonwealth v. Brown, Middlesex Superior Court no. 09-00963 (decision by Budd, J., dated November 2012).